

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
PHILADELPHIA REGIONAL OFFICE
One Penn Center
1617 JFK Boulevard
Suite 520
PHILADELPHIA, PENNSYLVANIA 19103

JOHN DONNELLY
SENIOR TRIAL ATTORNEY
*(215) 861-9670*
*Donnellyj@sec.gov*

September 16, 2015

(*Via ECF*)

The Honorable Judge Michael A. Hammer
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 08101

Re: <u>SEC v. Dubovoy, et al.</u> No 15-cv-06076 (DNJ)

Dear Judge Hammer:

On September 11, 2015, the Court held a status conference with Plaintiff and defendant Exante Ltd. regarding, among other things, Exante's production of documents relating to certain accounts Exante has stated engaged in the trading the Commission identified as unlawful and accounts that Exante contends belong to "innocent" customers (collectively the "Accounts"). At the conference the Court directed the parties to meet and confer, during a break, regarding the production of information relating to the transfer of assets into or out of the Accounts. Exante refused to discuss producing these materials. Subsequently, the Court ordered Exante to produce this information and ordered Plaintiff and Exante to meet and confer regarding the scope, content, and deadline for Exante's production. The Court noted that since Exante knew what information it had, it may be better positioned to identify how to provide the information in an efficient manner. The Court ordered the parties to each submit proposed orders if they could not reach an agreement.

The parties discussed the issue briefly on Tuesday, September 15 and on Wednesday, September 16. During these calls, Plaintiff asked Exante to identify what documents they possessed that would contain the relevant information. Exante responded that they do not have any documents or information regarding <u>incoming</u> transfers other than what they already produced, an example of which was provided to the Court on September 11. The documents produced by Exante thus far contain minimal information (they do not identify the sender bank, sender account, etc.) and are completely dissimilar from comparable wire transfer records

commonly kept by financial institutions in the United States and in the European Union, of which Malta is a member.

With respect to <u>outgoing</u> transfers, Exante stated that many of the Accounts did not have any outgoing transfers. Exante stated further that the "Client Fund Transfer Form" identified by Plaintiff, which has some of the relevant information and which Exante claimed was inadvertently produced, is available only for some of the Accounts, but did not identify how many.

Exante has refused to produce these records and instead has proposed to provide Plaintiff redacted records that do not include information relating to the sending/receiving bank. This proposal is woefully inadequate because it will not permit Plaintiff to evaluate the evidence regarding any connections among the Accounts and the account holders. Plaintiff offered to enter into an appropriate confidentiality order, but Exante declined.

Accordingly, pursuant to the Court's September 11, 2015 Order and because the parties were unable to reach an agreement, Plaintiff submits the attached proposed order for the Court's consideration.

Respectfully submitted,

John Donnelly

Enclosure