UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ARKADIY DUBOVOY, et al.<br><br>　　　　　Defendants. | Civil Action No.: 15-cv-06076 (MCA-MAH)<br><br>**DECLARATION OF DMITRY ANDREEV** |

　　　　DMITRY ANDREEV, declares under penalty of perjury as follows:

　　　　1.　　I am the In-House Counsel at Copperstone Capital, a defendant in the above-captioned action ("Action").

　　　　2.　　I have been Copperstone Capital's In-House Counsel since December 2013.

　　　　3.　　Prior to that, I was a lawyer with the Russian law firm of IT-Counsel LLC ("IT-Counsel") from 2006 to 2012. While at IT-Counsel, I got acquainted with David Amaryan, who was then one of IT-Counsel's clients. I left IT-Counsel in 2012, and subsequently joined Copperstone Capital in December 2013 at Mr. Amaryan's invitation.

　　　　4.　　My duties and responsibilities as Copperstone Capital's In-House Counsel include, among other things, reviewing various documents and business contracts and new account opening forms for Copperstone Capital, as well as for other entities owned/managed by Mr. Amaryan.

　　　　5.　　I have reviewed the SEC's Amended Complaint, filed in this Action on August 23, 2015 (the "Amended Complaint").

6. Paragraphs 115 and 119 of the Amended Complaint allege that David Amaryan and defendant Ocean Prime, Inc. ("Ocean Prime") are connected to the Dubovoy Group (as defined in the Amended Complaint). There is no such connection.

7. I believe the individual referenced in those paragraphs as being the connection is Alfred Victor Brewster. Mr. Brewster was the nominal director of defendant Ocean Prime for a time. The Amended Complaint alleges that he is/was also the director of one of the entities established by one or more of the Dubovoy Group.

8. Contrary to what the Amended Complaint alleges, Alfred Brewster was never an "owner" of Ocean Prime. David Amaryan has always been and remains the sole beneficial owner of Ocean Prime since its inception.

9. The document that appears to form the basis of the SEC's allegation is an Ocean Prime account statement from Interactive Brokers, where Mr. Brewster is referred to as "owner." (See Ex. 77 to the Declaration of Lynn O'Connor.)

10. This designation is erroneous and was the result of an oversight by me while I was at IT-Counsel. In November 2009, IT-Counsel helped Mr. Amaryan with setting up Ocean Prime. Mr. Amaryan purchased Ocean Prime as a shelf company (i.e. one with no prior activity), at the recommendation of IT-Counsel, from Apollo Business Solutions (Pty) Ltd. ("Apollo"). I worked on this transaction as Mr. Amaryan's counsel.

11. In connection with setting up Ocean Prime, I asked A.B.S. Corporate Services Ltd. ("A.B.S."), a wholly-owned subsidiary of Apollo and the administrator for Ocean Prime, to provide "nominal services," which includes the appointment of both a nominal director and a nominal shareholder. A.B.S. appointed Mr. Brewster as both a nominal director and a nominal shareholder as part of its administrative services and without any input from either IT-Counsel or

Mr. Amaryan. Attached hereto as Exhibit A is a true and correct copy of a November 17, 2009 letter from Mr. Brewster to the Ocean Prime Board of Directors, consenting to serve as a Director of Ocean Prime. Attached hereto as Exhibit B is a true and correct copy of a letter from Ocean Prime's registered agent, designating Mr. Brewster as Ocean Prime's first director. Attached hereto as Exhibit C is a true and correct copy of a Resolution of Director Consented to in Writing of Ocean Prime Inc., showing Mr. Brewster as the sole but nominal director of Ocean Prime.

  12. The appointment of Mr. Brewster as a nominal shareholder, however, was a mistake. Consistent with Mr. Amaryan's wishes, I should have requested A.B.S. to provide Ocean Prime with a "nominal director" and not "nominal services," because the latter automatically includes the appointment of a nominal shareholder. The error was not immediately corrected as it did not have a meaningful impact on the ownership of Ocean Prime. Mr. Brewster's nominal share had no real value. Attached hereto as Exhibit D is a true and correct copy of a document titled Declaration of Trust and dated November 17, 2009, wherein Mr. Brewster acknowledged and declared that he held a single share of no par value in Ocean Prime as the nominee and trustee of David Amaryan. Mr. Brewster further acknowledged that David Amaryan is the owner of Ocean Prime. Attached hereto as Exhibit E is a true and correct copy of a share certificate, showing Mr. Brewster to be then the holder of one share of no par value in Ocean Prime.

  13. The foregoing error appears to be what led to Mr. Brewster being listed as an "owner" (as opposed to a "director") on the Interactive Brokers opening account documents. However, as Exhibits D and E clearly show, Mr. Brewster never had any ownership interest in Ocean Prime.

14. Notably, Mr. Brewster is a "professional" director, meaning that he serves as the nominal director of a multitude of B.V.I. and other jurisdictions' entities. In fact, a search of the public records as of August 24, 2015 (a copy of which is attached hereto as Exhibit F) reveals that Mr. Brewster is associated with over three hundred different companies.

15. I have never met or spoken to Mr. Brewster, nor have I ever communicated with him directly. Other than his tenure as Ocean Prime's nominal director between November 17th, 2009 and December 29th, 2013, I have had no other dealings or connections with Mr. Brewster.

16. Mr. Brewster was removed as Ocean Prime's director on December 29th, 2013 at the recommendation of Apollo due to Apollo's dissatisfaction with Mr. Brewster's performance. For example, Apollo informed us that Mr. Brewster was difficult to reach when his signature was needed on important documents, and was generally non-responsive to their requests. We agreed with Apollo's recommendation to replace Mr. Brewster with Ms. Lindy Ravinia, whom I also have not met, nor spoken to directly since her appointment as Ocean Prime's nominal director. Exhibit G contains email correspondence from 2013 (in original Russian, as well as a translation in English) on the issue of Mr. Brewster's removal as director.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2015.
Moscow, Russia

_____
DMITRY ANDREEV