UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

ARKADIY DUBOVOY et al.,

Defendants.

C.A. No.15-cv-06076 (MCA-MAH)

## FINAL JUDGMENT AS TO DEFENDANT JASPEN CAPITAL PARTNERS

The Securities and Exchange Commission having filed an Amended Complaint and Defendant Jaspen Capital Partners ("Jaspen" or "Defendant") having acknowledged service of the Amended Complaint, entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter in this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction in this action); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a)  to employ any device, scheme, or artifice to defraud;

 (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

 IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a)  to employ any device, scheme, or artifice to defraud;

 (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

made, in light of the circumstances under which they were made, not misleading;
or

(c)     to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and
defendant Andriy Supranonok ("Supranonok") are jointly and severally liable for disgorgement
of $30 million as a settlement in this action.  Defendant's obligation to pay that amount shall be
satisfied by the transfer to the Commission of $30 million from account(s) of Defendant and
Supranonok certain of which were frozen by this Court at ADM Investor Services International
Ltd. (Account Nos. *UM07 and *UM08) and R.J. O'Brien (Account No. *0006).  The freeze
shall be lifted for the limited purposes of the assets being transferred to an account designated by
the Commission.  Defendant and Supranonok shall take all steps necessary to ensure that these
entities transfer the $30 million to the account designated by the Commission.

Defendant shall simultaneously transmit photocopies of evidence of payment and case
identifying information to the Commission's counsel in this action.  By making this payment,
Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

3

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Upon transfer of the assets by Defendant and Supranonok in the amount of $30 million to the account designated by the Commission, the Commission (a) will relinquish any and all claims to assets of the Defendant  and Supranonok worldwide based on the allegations set forth in the Complaint and the facts underlying this action and (b) will assist the Defendant and Supranonok as necessary and appropriate to unfreeze assets held in their accounts wherever located, including the following assets previously frozen by this Court:

| Financial Institution | Account holder | Account Number |
|---|---|---|
| Interactive  Brokers | Jaspen Capital Partners | *2172 |
| Interactive  Brokers | Jaspen Capital Partners | *6768 |
| Apex | Jaspen Capital Partners | *0397 |
| Apex | Jaspen Capital Partners | *0765 |
| Apex | Jaspen Capital Partners | *5796 |
| Cantor Europe | Jaspen Capital Partners | *0994 |
| Cantor Europe | Jaspen Capital Partners | *0011 |
| ING | Jaspen Capital Partners | *9387 |
| Raffeisen | Jaspen Capital Partners | *4499 |
| Saxo Bank | Jaspen Capital Partners | *NET1 |
| Saxo | Jaspen Capital Partners Limited | *NET2 |

4

| Societe Generale | Jaspen Capital Partners | *1026 |
| GAIN Capital Forex.com UK | Andriy Supranonok | *1765 |
| Lloyds TSP | Andriy Supranonok | *9027 |

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, ___

_____
MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE