UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ARKADIY DUBOVOY, et al.<br><br>Defendants. | Civil Action No.: 15-cv-06076 (MCA-MAH)<br><br>**DECLARATION OF<br><u>JOHN W. MOSCOW</u>** |

JOHN W. MOSCOW, declares under penalty of perjury as follows:

1.  I am an attorney admitted to practice before the courts of the State of New York and the United States District Court for the Southern and Eastern Districts of New York and the Second Circuit Court of Appeals. I have also been admitted *pro hac vice* in the above-captioned action ("Action"). I am a partner in the law firm of Baker & Hostetler LLP. I represent defendants David Amaryan, Copperstone Capital, Copperstone Alpha Fund ("Alpha Fund"), Ocean Prime Inc. and Intertrade Pacific S.A. (collectively, the "Amaryan Defendants") in this Action.

2.  I submit this declaration in support of the Motion to Modify the Preliminary Injunction pursuant to Fed. R. Civ. P. 59(e) and 65, requesting that the Court modify the preliminary injunction freezing the assets of Copperstone Alpha Fund, Ocean Prime, Inc., and Intertrade Pacific SA.

3.  On October 29, 2015, I called plaintiff U.S. Securities and Exchange Commission ("SEC") to consent in good faith to a modification of the preliminary injunction order and expedited discovery. Those present on the call included my partner at Baker & Hostetler, Marc D. Powers, and John Donnelly and David Axelrod on behalf of the plaintiff SEC.

4.     I asked that the SEC consent to a modification of the preliminary injunction order to allow trading in the frozen accounts and a decrease in the amount frozen. The SEC declined, requesting a reason that they should agree to modification. I responded that a modification would be just and appropriate in the circumstances to allow the Amaryan Defendants' businesses to continue operating and protect the assets in the Alpha Fund.

5.     I further asked that the SEC consent to expedited discovery. I explained to the SEC that the Amaryan Defendants are very interested in moving this case to discovery. As noted in the Motion to Dismiss, the Amaryan Defendants maintain that they did not trade on inside information and thus seek to resolve the case on the merits. They also seek discovery on an expedited basis in order to decrease the harmful effects of the asset freeze. In the same vein, we request a trial date in March 2016. The SEC declined to provide consent.

6.     I offered them and continue to offer to facilitate the SEC's entry into Russia to review the books and records of Copperstone Capital, in a manner consistent with Russian privacy law which we believe restrict the collection and removal of documents containing certain information. I offered, not for the first time, to facilitate the trip to Russia, suggesting that the SEC contact their Office of International Affairs to get approval to visit Moscow. I also indicated that, on behalf of the Amaryan Defendants, I would speak with the Central Authority of the Russian Federation to seek approval for the SEC to enter the country. The SEC has repeatedly declined this offer.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

Dated: November 13, 2015.
New York, New York

_____
JOHN W. MOSCOW

607684730.2