UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ARKADIY DUBOVOY, et al.,<br><br>Defendants. | C.A. No.15-cv-06076 (MCA-MAH) |

### FINAL JUDGMENT AS TO DEFENDANT DAVID AMARYAN

The Securities and Exchange Commission ("Commission") having filed a Complaint and an Amended Complaint and Defendant David Amaryan ("Amaryan" or "Defendant," and together with defendants Copperstone Alpha Fund, Copperstone Capital, Ocean Prime Inc., and Intertrade Pacific S.A., the "Amaryan Defendants") having acknowledged service of the Complaint and the Amended Complaint, entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction in this action); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

2

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Amaryan Defendants are jointly and severally liable for disgorgement of $10 million as a settlement in this action. Defendant's obligation to pay that amount shall be satisfied by the transfer to the Commission of $10 million by or on behalf of one or more of the Amaryan Defendants within 14 days of entry of this Order. The payment of the $10 million shall constitute full satisfaction of all liability of the Amaryan Defendants arising out of the acts or omissions alleged in the Complaint and the Amended Complaint.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court's Order granting Plaintiff's Motion for a Preliminary Injunction against the Amaryan Defendants, freezing assets, and providing other relief (ECF No. 118) (the "Asset Freeze Order") is hereby

modified to permit the Amaryan Defendants and their representatives, agents, assigns, and custodians, immediately upon the entry of this Final Judgment, to liquidate the securities positions in the accounts that are subject to the Asset Freeze Order and enumerated therein. The assets held in said accounts may be converted to and maintained in cash on the direction of and in accordance with discretion exercised by the Defendant but not transferred, withdrawn, pledged, assigned, or otherwise encumbered or dissipated except as pursuant to this Order. No assets located within the U.S. shall be moved out of the U.S. as part of this liquidation unless and until the full settlement amount of $10 million has been transmitted to and received by the Commission and the Commission has acknowledged receipt. Other than transferring the $10 million to the Commission, the assets held in said accounts shall not be transferred, withdrawn, pledged, assigned, or otherwise encumbered or dissipated, unless and until the full settlement amount of $10 million has been transmitted to and received by the Commission and the Commission has acknowledged receipt. Within two business days of receipt of the $10 million payment, the Commission shall file a Notice of Satisfaction of the monetary portion of the judgments against the Amaryan Defendants ("Notice"). Upon filing of the Notice, the Asset Freeze Order shall automatically be lifted and vacated, and all remaining sums of moneys in the accounts previously frozen by the Court shall be made available to the account holder(s) immediately.

The Amaryan Defendants or their agents may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Amaryan as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Upon payment by Defendant in the manner described above in the amount of $10 million, the Commission will (a) relinquish any and all claims to assets worldwide of the Defendant and defendants Copperstone Alpha Fund, Copperstone Capital, Ocean Prime Inc., and Intertrade Pacific S.A. based on the allegations set forth in the Complaint and the Amended Complaint and the facts underlying this action and (b) assist the Defendant and defendants Copperstone Alpha Fund, Copperstone Capital, Ocean Prime Inc., and Intertrade Pacific S.A. as

necessary and appropriate to unfreeze assets held in their accounts wherever located.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 1, 16

_____
MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE