UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>ARKADIY DUBOVOY, et al.,<br><br>    Defendants. | C.A. No.15-cv-06076 (MCA-MAH) |

## FINAL JUDGMENT AS TO DEFENDANT GUIBOR S.A.

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint and Defendant Guibor S.A. ("Guibor" or "Defendant") having acknowledged service of the Amended Complaint, entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction in this action); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $4.2 million as a settlement in this action and shall pay this amount within 14 days of entry of this Order. Defendant's obligation to pay that amount shall be satisfied first by the transfer of $1.1 million to the Commission, pursuant to one of the payment methods outlined in the next paragraph, and then by the transfer of $3.1 million from the accounts of Defendant, certain of which were frozen by this Court at Interactive Brokers (Account Nos. *2450 and *8394). As to Defendants' account ending in *8394 held at Interactive Brokers, Defendant will instruct Interactive Brokers as to the positions to liquidate in this account to satisfy this amount, and will then, to the extent the full judgment is not satisfied, transfer to the Commission any additional amount necessary to bring the total funds transferred to the Commission to $4.2 million. The freeze shall be lifted for the limited purposes of the assets being transferred to the Commission as set forth below. Defendant shall take all steps necessary

to ensure that Interactive Brokers transfers the necessary settlement funds to the account designated by the Commission. Payments shall be deemed made on the date they are received by the Commission. None of Defendant Omega 26 Investment Ltd.'s ("Omega 26") funds that have been frozen by the Court shall be unfrozen, except for funds being paid directly to the Commission, until and unless Defendant Guibor's settlement of $4.2 million is paid in full to the Commission.

Defendant and Interactive Brokers may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Guibor as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Upon payment by Defendant in the manner described above in the amount of $4.2 million and payment by Defendant Omega 26 in the amount of $3.72 million, the Commission will (a) relinquish any and all claims to assets of the Defendant and Omega 26 worldwide based on the allegations set forth in the Amended Complaint and the facts underlying this action and (b) assist the Defendant and Omega 26 as necessary and appropriate to unfreeze assets held in their accounts wherever located.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 1-16

MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE