IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br><br><br>ARKADIY DUBOVOY, ET AL.,<br><br>Defendants. | C.A. No. 15-cv-06076 (MCA)<br><br>DECLARATION OF JOHN DONNELLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS |

I, John Donnelly, declare as follows:

1. I am counsel for Plaintiff Securities and Exchange Commission (the "Commission") in this action. I make this Declaration in support of the Commission's Motion for a Default Judgment against Maxim Zakharchenko ("Zakharchenko"), Bering Explorer Fund, Ltd. (Bering"), Nicholai Slepenkov ("Slepenkov"), Escada Logistic Ltd. ("Escada"), and Beratto Group LLC ("Beratto") (collectively, the "Defaulting Defendants").

2. On August 10, 2015, the Commission filed the Complaint in this matter. (Docket No. 1). That same day, the Court granted the Commission's motion for a temporary restraining order against defendants, freezing assets, and granting other relief. (Docket No. 12). The following day, at the Commission's request, the Court issued an amended temporary restraining order against defendants, freezing assets, and granting other relief. (Docket No. 13). On August

1

23, 2015, the Commission filed an Amended Complaint in this action, naming additional defendants. (Docket No. 28). The following day, August 24, 2015, the Court granted the Commission's motion for a preliminary injunction against defendants, freezing assets, and granting other relief. (Docket No. 31). Among the frozen assets were accounts held by Bering, Slepenkov, and Escada. (*Id*.) However, the frozen account in the name of Slepenkov had a balance of $0.

## Service of Process

3. On September 16, 2016, the Commission filed a motion for leave to serve Defendants Zakharchenko and Slepenkov, who reside in Russia, via alternative means. (Docket No. 307).

4. Subsequently, on December 13, 2016, the Court granted the Commission's motion (the "Order"), ordering that the Commission serve defendants via email and, for Slepenkov, also by mail upon his broker. (Docket No. 320). The next day, the Commission served process on defendant Zakharchenko and Slepenkov in accordance with the Order. (Docket No. 324, Jan. 12, 2017 (Declaration of John Donnelly regarding service of process)).

5. To date, neither Zakharchenko nor Slepenkov has responded to the Amended Complaint or appeared in this action, and their time to do so has passed.

6. Neither Zakharchenko nor Slepenkov is an infant. On information and belief, neither Zakharchenko nor Slepenkov is incompetent or in military service of the United States.

7. Likewise, the Commission has served Bering, Escada, and Beratto with process. Bering was served with process pursuant to Federal Rules of Civil Procedure 4(f) and 4(h). At the Commission's request, the Clerk of Court sent the summons, Amended Complaint, and Complaint to Bering, a Bahamanian entity, via a form of mail requiring a signed receipt

addressed to Bering's registered agent in the Bahamas.  (Docket No. 336).  The package was received and signed for on September 17, 2018.  (Docket No. 344, Oct. 18, 2018 (Declaration of John Donnelly Regarding Service)).  The Bahamas is a signatory to the Hague Convention and does not object to service by mail.  (*Id*.)  Bering has not responded to the Amended Complaint and has not appeared in this action, and its time to do so has passed.

8.  Escada is an entity formed under the laws of the British Virgin Islands.  On September 26, 2018, consistent with Rule 4 and British Virgin Islands' law, Escada was served with process by hand delivery of the summons, Amended Complaint, and other documents on its registered agent.  (Docket No. 343 (Affidavit of Charlotte Walker)).  Escada has not responded to the Amended Complaint and has not appeared in this action, and its time to do so has passed.

9.  Like Escada, Beratto is also an entity formed under the laws of the British Virgin Islands.  On August 25, 2017, Beratto was served with process by hand delivery of the summons, Amended Complaint, and other documents on its registered agent.  (Docket No. 330 (Affidavit of Charlotte Walker)).  Beratto has not responded to the Amended Complaint and has not appeared this action, and its time to do so has passed.

10.  On October 19, 2018, Plaintiff filed a request for the Clerk of Court to enter the default of the Defaulting Defendants.  (Docket No. 345).  Pursuant to Federal Rule of Civil Procedure 55(a), on October 31, 2018, the Clerk of Court entered the default of the Defaulting Defendants.  (Docket entry Oct. 31, 2018, no document number).

**Disgorgement and Prejudgment Interest**

11.  The Declaration of Dr. Eugene Canjels, dated April 16, 2019 and also filed in support of Plaintiff's Motion for Default Judgment ("Canjels Declaration"), identifies the

number of illegal trades perpetrated by the Defaulting Defendants and the gross profits realized by the Defaulting Defendants on those trades. *See* Canjels Decl. ¶¶ 10-12 and Table 1.

12. To calculate prejudgment interest, the Commission uses a computerized Prejudgment Interest Calculator. It calculates interest on the violation amount from the date of the violation until the end date. Partial months are ignored; violations that occurred during a month are treated as having occurred at the end of the month and end dates that occur during a month are treated as having occurred at the beginning of the month. The interest rate used by the calculator is the Internal Revenue Service's interest rate on tax underpayments, which is set forth in 26 U.S.C. § 6621(a)(2).

13. Here, Plaintiff requests a conservative amount of prejudgment interest. For ease of calculation and application, in calculating the prejudgment interest, we have used the last date of the Defaulting Defendant's illegal trade for which the Commission is seeking disgorgement as the starting date for the prejudgment interest period. For all of the Defaulting Defendants, we have used an end date of August 10, 2015, the day the Complaint was filed and certain assets were frozen.

14. Defendants Zakharchenko and Bering should be held jointly and severally liable for the illegal trades made in Bering's account. The date of the last illegal trade in Bering's account for which the Commission is seeking disgorgement here is May 28, 2015. The amount of disgorgement owed by these Defendants is $8,071,135. *See* Canjels Decl. at ¶ 10 and Table 2A. The amount of prejudgment interest owed by these Defendants is $40,516.95. Attached hereto as Exhibit 1 is a true and correct copy of the prejudgment interest calculation.

15. Defendants Slepenkov and Escada should be held jointly and severally liable for the illegal trades made in Escada's account. The date of the last illegal trade in this account for

4

which the Commission is seeking disgorgement here is May 28, 2015. The amount of disgorgement owed is $3,074,024. *See* Canjels Decl. at ¶ 11 and Table 2B. The amount of prejudgment interest owed by these Defendants on these trades is $15,431.55. Attached hereto as Exhibit 2 is a true and correct copy of the prejudgment interest calculation.

16. Defendant Slepenkov should be individually liable for the illegal trades made in his individual account. The date of the last illegal trade in this account for which the Commission is seeking disgorgement here is September 19, 2013. *See* Canjels Decl. ¶ 11 and Table 2B. The amount of disgorgement owed on these trades is $1,261,871. See Canjels Decl. ¶ 11. The amount of prejudgment interest owed by Slepenkov on these trades is $71,063.83. Attached hereto as Exhibit 3 is a true and correct copy of the prejudgment interest calculation.

17. For Defendant Beratto, the date of the last illegal trade for which the Commission is seeking disgorgement here is October 22, 2013. The amount of disgorgement owed by Beratto is $282,802. *See* Canjels Decl. at ¶ 12 and Table 2B. The amount of prejudgment interest owed by Beratto is $15,132.29. Attached hereto as Exhibit 4 is a true and correct copy of the prejudgment interest calculation.

## Decision Granting Motion for Default Judgment

18. In Plaintiff's Memorandum of Law in Support of Its Motion for Default Judgement, Plaintiff cites an unpublished decision in *SEC v. Hong*, No. 16-cv-09947 (S.D.N.Y.) (VEC), granting the Commission's motion for default judgment in that case. *See* Pl.'s Mem. of Law at 35 (citing *Hong*, No. 16-cv-09947, Docket No. 33 (S.D.N.Y.) (VEC)). For the Court's convenience, a true and correct copy of the *Hong* Court's Order is attached hereto as Exhibit 5. That case involved hacking the computer networks of certain law firms and stealing, through deception, material nonpublic information concerning several publicly traded companies who were engaged in mergers and acquisitions discussions. Defendants reaped illegal profits by trading on the stolen material nonpublic information. *See* Exhibit 5 at ¶ 11.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

_John Donnelly_
John Donnelly

April 17, 2019