IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                Plaintiff,<br><br>      v.<br><br>ARKADIY DUBOVOY, et al.,<br><br>                                Defendants. | CA No: 15-cv-06076 (MCA-MAH)<br><br>**DECLARATION OF JOHN DONNELLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE** |

I, John Donnelly, hereby declare as follows:

    1.    I am a senior trial counsel in the Securities and Exchange Commission's (the "Commission") Philadelphia Regional Office, located at 1617 JFK Boulevard, Suite 520, Philadelphia, Pennsylvania 19103, and represent the Commission in this matter. I make this declaration in support of the Commission's Renewed Motion for Alternative Service.

    2.    On August 10, 2015, the Commission filed this action against more than 30 defendants, including Ivan Turchynov ("Turchynov"), Oleksander Ieremenko ("Ieremenko") (and collectively with Turchynov, the "Hacker Defendants"), and Pavel Dubovoy ("Pavel") (collectively "Defendants"). The Commission alleged that Defendants' actions violated Section 17(a) of the Securities Act of 1933 (the "Securities Act"), and Sections 10(b), 20(b), and 20(e)

1

of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder.

3. On October 26, 2018, the Comission filed a Motion for Authorization to Serve Defendants Pavel Dubovoy, Ivan Turchynov, Oleksander Ieremenko, and Nelia Dubova By Alternative Means. (Docket No. 346). On April 29, 2019, the Court denied that motion without prejudice. (Docket Nos. 374-375).

4. On June 5, 2019, the Court held an in-person status conference. A true and correct copy of the transcript of that status conference is attached hereto as Exhibit 1. During the status conference, counsel for the Commission advised the Court that Nelia Dubova had been served with process. It was also discussed that after the Commission had filed its Motion for Alternative Service in October 2018, the Commission and DOJ had filed new, parallel proceedings against Ieremenko in connection with a subsequent hacking and trading scheme in which Ieremenko hacked the SEC's own electronic filing system, commonly referred to as EDGAR, stealing material nonpublic information and passing that on to securities traders who traded profitably. *SEC v. Ieremenko*, Civil No. 19-cv-00505 (DNJ) (MCA) (LDW) ("New Case"); *United States v. Radchenko, et al.*, 19-cr-30 (DNJ) (MCA).

5. On March 18, 2019, the Commission staff in the New Case filed a motion for alternative service against Ieremenko and other defendants, requesting leave to serve Ieremenko through publication in the *New York Times International*

2

*Edition*. *See* New Case, Docket No. 19.  In so doing, the Commission represented that while it did not have a definitive address for Iremenko, it believed that he was residing in Ukraine.  *See* Declaration of Laura D'Alliard in Support of Plaintiff's Ex Parte Motion for Alternative Service, at ¶ 4, New Case, Docket No. 19-2, attached as Exhibit 2 hereto (along with the exhibit relating to Ieremenko, but excluding exhibits relating to other defendants in the New Case).  The Commission staff in the New Case attached a document, which the staff in this case was previously unable to include as evidence in its motion, which indicated that Ieremenko was in Kiev, Ukraine.  *See* D'Alliard Declaration, Exhibit 1, New Case Docket No. 19-2, attached hereto as Exhibit 2.  On May 6, 2019, the United States Magistrate Judge in the New Case granted the Commission's motion for alternative service and authorized the Commission to serve Ieremenko via publication in the *New York Times International Edition*.  *See* New Case, Docket No. 28, attached hereto as Exhibit 3.

    6.    Pavel is the brother of defendant Arkadiy Dubovoy ("Arkadiy") and uncle of defendant Igor Dubovoy ("Igor").  Pavel was also charged in a parallel criminal case arising out of the conduct at issue here, but, upon information and belief, has not returned to the United States since this case and the criminal case were filed, and his brother and nephew were arrested.  *United States v. Dubovoy*, No. 15-cr-390 (D.N.J.) (MCA).  In that parallel criminal case, both Arkadiy and

Igor pled guilty to conspiracy to commit wire fraud in connection with the scheme. (*Id*.)  Two other members of the Dubovoy Group, Aleksander Garkusha and Leonid Momotok, also plead guilty in connection with the scheme.  *United States v. Korchevsky*, No 15-cr-381 (E.D.N.Y.).  Arkadiy, Igor, and Garkusha testified at the criminal trial of two additional members of the Dubovoy Group, Vitaly Korchevsky and Vladislav Khalupsky.  The jury convicted Korchevsky and Khalupsky on all counts, including securities fraud.

      7.     Pavel was arrested in Ukraine in connection with an alleged bribery scheme.  Attached hereto as Exhibit 4 is a true and correct copy of the English Translation of the Ukraine's Prosecutor General's Notice Regarding the Bribery Case.  Attached hereto as Exhibit 5 is a true and correct copy of the original document.  Attached hereto as Exhibit 6 is a true and correct copy of the Certificate of Translation, which applies to all the Exhibits to this Declaration that were translated from Ukrainian to English.

      8.     A news article dated January 10, 2019, states that Pavel Dubovoy, who is the cousin of Ukrainian politician Alexander Dubovoy, was scheduled for a court hearing in connection with the bribery matter on February 27, 2019.  Attached as Exhibit 7 is a true and correct copy of the English translation of the article.  Attached as Exhibit 8 is a true and correct copy of the article in Ukrainian.

9. Records relating to Ukrainian companies state that Pavel is associated with several Ukrainian companies, all of which are located in Kiev, Ukraine. Attached hereto as Exhibit 9 is a true and correct copy of the English translation of a list of companies with which Pavel is associated, often as the founder. Attached as Exhibit 10 is a true and correct copy of the original in Ukrainian. Reviewing the information related to the companies Ust Dunaiski Kvartal 2 and Atlanta Invest End Development indicate that Pavel has identified two residential addresses, both in Kiev, Ukraine. Attached hereto as Exhibit 11 is a true and correct copy of English translation of the information relating to Ust Dunaiski Kvartal 2. Attached hereto as Exhibit 12 is a true and correct copy of the original in Ukrainian. Attached as Exhibit 13 is a true and correct copy of the English translation of the information relating to Atlanta Invest End Development. Attached hereto as Exhibit 14 is a true and correct copy of the original in Ukrainian.

10. A reporter represents that they spoke with Pavel regarding this case and the parallel criminal case. *See* Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibit 1, attaching a true and correct copy of "Spliced Wire: How an International Hacker Network Turned Stolen Press Releases Into $100 Million," *The Verge*, Aug. 22, 2018, by Isobel Koshiw.

11. In connection with this misconduct, Pavel used the email address DubovoyP@gmail.com. *See* Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibits 2-6.

12. On May 29, 2019, Plaintiff emailed copies of the Amended Complaint and Summons, both in English and Ukrainian, to Pavel at the email address DubovoyP@gmail.com. Although the email went through and was not returned as undeliverable, Pavel has not responded. A true and correct copy of the email from John Donnelly to Pavel Dubovoy is attached hereto as Exhibit 15, the attachments have been omitted.

13. Plaintiff does not believe that it possesses a current, valid physical address for Oleksander Ieremenko or Ivan Turchynov. Plaintiff's last known addresses for Ieremenko and Turchynov were in Kiev, Ukraine.

14. A warrant for Turchynov's arrest in Ukraine was issued in December 2016. Attached as Exhibit 16 is a true and correct copy of the English translation of a public record reflecting that Turchynov is wanted for arrest by the Fiscal Service of Ukraine. Attached as Exhibit 17 is a true and correct copy of the original in Ukrainian.

15. According to the *Verge* article, Turchynov hacked the Ukraine Financial Services' database and altered tax records. After the warrant was issued for his arrest, Turchynov is believed to have fled from Ukraine to Russia. *See*

Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibits 1 at p. 13.

16. In the period of time leading to the filing of this action, Turchynov used the email address: warninggp@gmail.com. *See* Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibit 18.

17. On May 29, 2019, Plaintiff emailed copies of the Amended Complaint and Summons, both in English and Ukrainian, to Turchynov at the email address warninggp@gmail.com. Although the email went through and was not returned as undeliverable, Turchynov has not responded. A true and correct copy of the email from John Donnelly to Ivan Turchynov is attached hereto as Exhibit 18, the attachments have been omitted.

18. During that same period, Ieremenko used the email address Alex.Boesky@gmail.com. *See* Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibit 19.

19. On May 29, 2019, Plaintiff emailed copies of the Amended Complaint and Summons, both in English and Ukrainian, to Ieremenko at the email address Alex.Boesky@gmail.com. Although the email went through and was not returned as undeliverable, Ieremenko has not responded. A true and correct copy of the email from John Donnelly to Oleksander Ieremenko is attached hereto as Exhibit 20, the attachments have been omitted.

20. When the case was filed in 2015, this matter and the related, parallel criminal cases generated a substantial amount of press coverage, both domestically and abroad. *See* Docket No. 347, Declaration of John Donnelly, Oct. 26, 2019, at Exhibits 20-29. In addition, the Commission has also issued multiple press releases regarding the litigation, which were published on the SEC's website. *See id.*, Exhibits 30-31.

I, John Donnelly, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on this 12th day of July 2019.

_____
John Donnelly