# EXHIBIT 3

Case 2:15-cv-06076-MCA-MAH Document 385-3 Filed 07/12/19 Page 2 of 9 PageID: 6632
Case 2:19-cv-00505-MCA-LDW Document 26 Filed 05/06/19 Page 1 of 8 PageID: 249

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OLEKSANDR IEREMENKO, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>19-505 (MCA) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Securities and Exchange Commission's ("SEC") *Ex Parte* Motion for Alternative Service. ECF No. 19. Having considered plaintiff's submission, for good cause shown, and for the reasons set forth herein, the motion is **GRANTED.**

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on January 15, 2019, alleging that defendants Oleksandr Ieremenko, Spirit Trade, Ltd., Sungjin Cho, David Kwon, Igor Sabodakha, Victoria Vorochek, Ivan Olefir, Capyield Systems, Ltd., Andrey Sarafanov, Kyungja Cho, Lyudmila Kalinkina, Andrey Meleynikov, and Ivan Solovev participated in a fraudulent scheme to hack into an online SEC system "to obtain nonpublic documents containing earnings announcements of publicly-traded companies, and to then use that information to profit by trading in advance of the information becoming public." ECF No. 1. Plaintiff alleges that their actions violated Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. ECF No. 1.

Plaintiff now moves for leave to serve the Summons and Complaint by alternative means to defendants Oleksandr Ieremenko, Igor Sabodakha, Victoria Vorochek, Ivan Olefir, Capyield

Systems, Ltd., Andrey Sarafanov, Kyungja Cho, Lyudmila Kalinkina, Andrey Meleynikov, and Ivan Solovev. ECF No. 19. Specifically, plaintiff seeks to serve these defendants, residing in Ukraine, Russia, and South Korea, by three alternative means: (1) email; (2) to domestic financial institutions where these defendants own accounts; and (3) publication in the *New York Times International Edition*. *Id.*

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 4(f) governs service of process on defendants in foreign countries and sets forth three methods for service: (1) under the Hague Convention or other international agreement; (2) in the absence of limitations under an international agreement, as a foreign country's law prescribes or permits or as directed by a foreign authority; or (3) by other alternative means not prohibited by international agreement, as directed by the Court. Plaintiff here seeks only to serve defendants under Rule 4(f)(3).

The Court has discretion to determine whether an alternative method of service is appropriate under Rule 4(f) and may grant such requests "even where a plaintiff does not show that the other means are unduly burdensome or impossible." *Bravetti v. Liu*, Civ. No. 12-7492 (TJB), 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013). It is helpful, however, "to plaintiff's case to show some measure of difficulty in effecting service by usual means." *Id.* Courts may grant motions for alternative service when the movant has shown that there is no international agreement prohibiting service by the proposed method and that the proposed method of service is reasonably calculated to provide the defendant with notice. *Id.*; *SEC v. Dubovoy*, Civ. No. 15-6076 (MAH), 2016 WL 7217607, at *2-3 (D.N.J. Dec. 13, 2016); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding method of service must be reasonably calculated to provide notice under all circumstances).

2

## B. Analysis

Here, plaintiff seeks to serve defendants via email, upon domestic financial institutions with which the party to be served has accounts, and by publication pursuant to Rule 4(f)(3). The Court thus addresses whether these means are prohibited by international agreement and whether they are reasonably calculated to provide notice to defendants.

Initially, the Court finds that the means of service identified by plaintiff are not prohibited by international agreement. Despite being signatories to the Hague Convention, all three nations at issue have either objected to the means for service identified in Article 10 of the Convention, or have refused to cooperate with the United States.[1] Where a signatory nation has objected to service via Article 10, a court may order service by means not specifically referenced therein, such as publication, email, and social media. *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Article 10 does not prohibit service by publication, email, or upon domestic financial institutions with which the party to be served has accounts. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17. Therefore, the alternative means service proposed by plaintiff are not prohibited by international agreement under Rule 4(f)(3).

Next, the Court finds that the alternative means of service proposed by plaintiff are all reasonably calculated to provide notice to defendants. First, plaintiff seeks to serve by email defendants Sabodakha, Vorochek, Olefir, Capyield Systems, Ltd., Sarafanov, and Kyungja Cho

---

[1] Ukraine and South Korea have explicitly objected to service by the particular the means identified in Article 10. *See Carrico v. Samsung Elecs. Co.,* Civ. No. 15-02087 (DMR), 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016); Ukraine – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=251. The Russian Federation has suspended all judicial cooperation with the United States in civil and commercial matters, thus rendering attempted service under the Convention futile. *See Dubovoy,* 2016 WL 7217607 at *2.

3

using email addresses that defendants have provided to their brokerage firms. Courts have permitted such service "where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, Civ. No. 12-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Apart from defendant Kyungja Cho, plaintiff has provided evidence that the brokerage firms have used these email addresses to communicate with defendants. *See* ECF No. 19-2 ¶¶ 5-14, 21. Accordingly, the Court finds that service by email to these defendants would be reasonably calculated to provide actual notice.

As to defendant Kyungja Cho, however, the defendant's brokerage firm has provided plaintiff with a more recent email address than the one plaintiff seeks to use. The Court will therefore order plaintiff to serve defendant Kyungja Cho using both email addresses provided by defendant's brokerage firm. As defendant has assets in this account and has taken the time to update her contact information, the Court finds such service would be reasonably calculated to provide notice.

Next, plaintiff seeks to serve defendants Sabodakha, Vorochek, Olefir, Capyield Systems, Ltd., Sarafanov, Kalinkina, Meleynikov, Solovev, and Kyungja Cho by serving the domestic brokerage firms at which these defendants maintain accounts. Courts have allowed service upon defendants' brokerage firms where they found it was reasonably calculated to provide actual notice. *See S.E.C. v. Dubovoy*, Civ. No. 15-6076 (MCA) (MAH), 2016 WL 7217607, at *3 (D.N.J. Dec. 13, 2016); *S.E.C. v. One or More Unknown Traders in Sec. of Gen. Commc'n, Inc.*, Civ. No. 17-2659 (KPF), 2017 WL 1407514, at *2 (S.D.N.Y. Apr. 13, 2017). Here, plaintiff has shown that these same brokerage accounts were used to place the trades at issue in this case and that these accounts remain open. It is thus reasonable to expect that these defendants maintain communication with their brokers who hold assets in their accounts, and that service upon these brokers would provide actual notice to these defendants. *See Dubovoy*, 2016 WL 7217607, at *3.

4

Finally, plaintiff seeks to serve defendants by publication in *The New York Times International Edition*. While a plaintiff is not required to attempt service through other means, courts in their discretion generally find that publication "is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, [] the publication is one that likely would reach the defendant," and service by publication is reasonably calculated to provide notice to a defendant so long as the defendant already has some knowledge of the suit. *See S.E.C. v. Secure Capital Funding Corp.*, Civ. No. 11-0916 (AET), 2011 WL 13143141, at *2 (D.N.J. Aug. 3, 2011); *SEC v. Anticevic*, Civ. No. 05-6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *8 (S.D.N.Y. Feb. 13, 2009).

As stated above, plaintiff will serve all defendants except Oleksander Ieremenko by two additional alternative means, by email and through their brokerage institutions. Further, the scheme at issue here was widely followed in the press and is the subject of several news articles.[2] It is therefore implausible that the defendants are unaware of the instant matter and the Court finds that service by publication in a widely read newspaper, cumulatively with the other alternative means, will provide defendants with actual notice.

Additionally, defendant Oleksander Ieremenko has been indicted by the United States in connection with the'

same scheme, making it more likely that he is aware of the instant suit. *See Two Ukrainian Nationals Indicted in Computer Hacking and Securities Fraud Scheme Targeting U.S. Securities*

---

[2] *See* Jonathan Stempel, *U.S. charges hackers, traders with stealing SEC filings*, Reuters (Jan. 15, 2019, 9:02 AM), https://www.reuters.com/article/us-usa-cyber-stocks/us-charges-hackers-traders-with-stealing-sec-filings-idUSKCN1P91MX; Matthew Heller, *Seven People Charged in Hack of SEC Database,* CFO (Jan. 16, 2019), http://www.cfo.com/fraud/2019/01/seven-people-charged-in-hack-of-sec-database/; Jonathan Stempel, *UPDATE 2-U.S. charges suspected hacker, traders over SEC database hack*, CNBC (Jan. 15, 2019, 12:22 PM), https://www.cnbc.com/2019/01/15/reuters-america-update-2-u-s-charges-suspected-hacker-traders-over-sec-database-hack.html.

5

*and Exchange Commission*, United States Department of Justice, https://www.justice.gov/opa/pr/two-ukrainian-nationals-indicted-computer-hacking-and-securities-fraud-scheme-targeting-us. Plaintiff has also represented that it is unaware of a valid, physical address for defendant Ieremenko, and therefore other traditional means of service are unavailable. The Court in its discretion finds that given the circumstances of the instant case, service by publication is reasonably likely to provide notice to defendant Ieremenko and plaintiff's motion is granted.

### III. CONCLUSION

For the reasons stated above, plaintiff's Motion for Alternative Service (ECF No. 19) is **GRANTED**; and it is further

**ORDERED** that Plaintiff may effect service of process under Federal Rule of Civil Procedure 4(f)(3) as follows:

(1) Upon defendants Sabodakha, Vorochek, Olefir, Capyield Systems, Ltd., Sarafanov, and Kyungja Cho by emailing, within 10 days of the entry of this Order, the Summons and Complaint:

- to defendant Sabodakha at sabodaha@gmail.com;

- to defendant Vorochek at v.vorochek@gmail.com;

- to defendant Olefir at scalptrading@yahoo.com;

- to defendant Capyield Systems, Ltd. at qtradedesk@gmail.com;

- to defendant Sarafanov at a1xx@mail.ru; and

- to defendant Kyungja Cho at trendline71@gmail.com and kyungjacho@yahoo.com;

and

6

(2) Upon defendants Sabodakha, Vorochek, Olefir, Capyield Systems, Ltd., Sarafanov, Kalinkina, Meleynikov, Solovev, and Kyungja Cho by providing the Summons and Complaint to their respective brokerage firms; and

(3) Upon all defendants by publishing, within 45 days of the entry of this Order, notice in the *New York Times International Edition* one day per week, for four consecutive weeks; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion filed as ECF No. 19.

Dated: May 6, 2019

*Leda D. Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

7