# EXHIBIT 5



**ГЕНЕРАЛЬНА ПРОКУРАТУРА УКРАЇНИ**

01011, Київ-11, вул. Різницька, 13/15      факс: 280-26-03

**ПОВІДОМЛЕННЯ**
про підозру

м. Київ                                             «12» січня 2018 року

Заступник Генерального прокурора державний радник юстиції 3 класу Столярчук Юрій Васильович, розглянувши матеріали кримінального провадження № 42017000000003517 від 04.11.2017 та встановивши наявність достатніх доказів для підозри особи у вчиненні кримінального правопорушення, відповідно до статей 36, 42, 276, 277, 278, 480, 481, 483 КПК України,

**повідомив:**

███████████████ 1982 року народження, уродженцю с. Шевченкове Кілійського району Одеської області, який зареєстрований за адресою: Київська область, Вишгородський район, с. Катюжанка, вул. Радянська, 35-А, кв. 35, громадянину України, депутату Одеської обласної ради,

про те, що він підозрюється у пропозиції надання службовій особі, яка займає відповідальне становище, неправомірної вигоди за вчинення чи невчинення службовою особою в інтересах того, хто надає неправомірну вигоду, дії з використанням наданої їй влади, вчинених за попередньою змовою групою осіб, тобто у вчиненні кримінального правопорушення (злочину), передбаченого ч. 2 ст. 28, ч. 3 ст. 369 КК України.

Згідно примітки 2 до ст. 368 КК України, керівник Головного підрозділу детективів НАБУ є особою, яка займає відповідальне становище.

Досудовим розслідуванням встановлено, що Національним антикорупційним бюро України, за процесуального керівництва Спеціалізованої антикорупційної прокуратури, проводиться досудове розслідування у кримінальному провадженні № 52016000000000411 від 04.11.2016 за ознаками вчинення кримінального правопорушення, передбаченого ч. 5 ст. 191 КК України.

Досудовим розслідуванням у кримінальному провадженні № 52016000000000411 встановлено, що групою осіб, до складу якої входять вищі посадові особи органів місцевого самоврядування міста Одеси та представники комерційних бізнес структур, реалізовано злочинний план направлений на заволодіння коштами Одеського міського бюджету, шляхом продажу Одеській міській раді адміністративних будівель за завідомо для всіх учасників злочину завищеною ціною.

Так, на початку 2016 року групою невстановлених досудовим розслідуванням осіб використано реквізити підконтрольного їм нерезидента UAB NASTER, яке зареєстроване в Литовській Республіці за адресою: Sv. Stepono g. 16-5, Vilnius, для придбання цілісного майнового комплексу ВАТ «Холдингова компанія «Краян», що розташовувався за адресою: м. Одеса, вул. Косовська 2 та складався із приміщень загальною площею 44 тис. кв. м. за 11,5 млн. грн. Придбання цілісного майнового комплексу відбулося за результатами проведення другого повторного аукціону ТБ «Електронні торги України» ініційованого арбітражним керуючим – ліквідатором ВАТ «Холдингова компанія «Краян» Фоменко М.С. Початкова оціночна вартість цілісного майнового комплексу складала 65 млн. грн., але у зв'язку із відсутністю попиту на другому повторному аукціоні початкова вартість предмету торгів була знижена до 42 млн. грн., при цьому за правилами проведення аукціону приймалися до розгляду пропозиції учасників торгів на рівні не менше 25% від очікуваної вартості продажу. Таким чином на другому повторному аукціоні був проданий цілісний майновий комплекс ВАТ «ХК «Краян» за ціною 11,5 млн. грн., яка була запропонована підконтрольною групі осіб компанією-нерезидентом UAB NASTER.

В подальшому, з метою приховування реальної ринкової вартості цілісного майнового комплексу та кінцевих бенефіціарів доходів, які планувалось отримати злочинним шляхом, зі складу комплексу виділено адміністративні будівлі загальною площею 14,5 тис. кв. м., яким присвоєно нову адресу: м. Одеса, вул. Косовська 2-Д та які 08.08.2016 переоформлені на новоствореного нерезидента VALTON GROUP LP, зареєстрованого за адресою: 272 Bath Street, Glasgow, G2 4JR, United Kindom.

В той же час групою осіб 25.08.2016 створено суб'єкт господарювання ТОВ «Девелопмент Еліт», реквізити та банківський рахунок якого сплановано використати для заволодіння коштами Одеського міського бюджету, при цьому реальні бенефіціарні власники суб'єкта господарювання в установчих документах товариства не вказані, натомість засновником і директором підприємства рахується Загодіренко Петров Олександрович 1990 року народження, відносно якого у органу досудового розслідування є обґрунтовані підстави вважати, що він є лише номінальним директором ТОВ «Девелопмент Еліт» та жодних управлінських рішень самостійно не приймає.

07.09.2016, для забезпечення досягнення злочинної мети, невстановленими особами на підставі протоколу загальних зборів учасників № 2 від 05.09.2016, акту прийому-передачі від 05.09.2016 та договору купівлі-продажу від 26.08.2016 № 048 переоформлено право власності на адміністративні будівлі, належні до продажу Одеській міській раді на ТОВ «Девелопмент Еліт».

19.10.2016 під час проведення позачергової сесії Одеської міської ради депутатами прийнято рішення про доцільність придбання адміністративних будівель, що розташовані за адресою: м. Одеса, вул. Косовська 2-Д в рамках проекту «Європейська мерія» за 185 млн. грн. у ТОВ «Девелопмент Еліт».

Продовжуючи дії, спрямовані на заволодіння коштами Одеського міського бюджету групою осіб, до складу якої входять, зокрема інші посадові особи органів місцевого самоврядування м. Одеси, 12.12.2016 організовано укладення договору купівлі – продажу з ТОВ «Девелопмент Еліт» та подання необхідних документів для оплати 185 млн. грн. на користь останнього.

16.12.2016 у період часу з 15:30 по 17:00 УДКСУ м. Одеси в Одеській області на підставі поданих документів здійснено перерахунок коштів міського бюджету м. Одеси на розрахунковий рахунок ТОВ «Девелопмент Еліт» в сумі 185 млн. грн. у якості оплати за адміністративні будівлі, тобто учасники злочину, під контролем яких перебуває розрахунковий рахунок ТОВ «Девелопмент Еліт», отримали фактичну можливість розпоряджатися коштами, які одержані у наслідок вчинення злочину.

З метою вжиття заходів забезпечення у кримінальному провадженні № 52016000000000411 до Солом'янського районного суду м. Києва 20.12.2016 надійшло клопотання старшого детектива Національного антикорупційного бюро України про арешт майна – грошових коштів на банківському рахунку у сумі 185000000 гривень, які розміщені на рахунку Товариства з обмеженою відповідальністю «Девелопмент Еліт» (ЄДРПОУ ...5687) № ...9313, відкритому в Публічному акціонерному товаристві Акціонерний банк «Південний» (МФО 328209).

За результатами розгляду вказаного клопотання про накладення арешту на майно слідчим суддею Солом'янського районного суду м. Києва клопотання задоволено та 20.12.2016 винесено ухвалу про накладення арешту на грошові кошти на банківському рахунку у сумі 185000000 гривень, які розміщені на рахунку Товариства з обмеженою відповідальністю «Девелопмент Еліт» (ЄДРПОУ ...5687) № ...9313, відкритому в Публічному акціонерному товаристві Акціонерний банк «Південний» (МФО 328209).

Установлено, що Товариство з обмеженою відповідальністю «Девелопмент Еліт», безпосередньо пов'язане із Бабенком Олегом Анатолійовичем та підконтрольне йому.

Так, у невстановлений досудовим розслідуванням час у Бабенка О.А. виник злочинний умисел, направлений на неправомірне зняття арешту з майна, а саме з грошових коштів у безготівковій формі, які належать ТОВ «Девелопмент Еліт», шляхом надання неправомірної вигоди службовим особам Національного антикорупційного бюро України з метою уникнення можливої конфіскації вказаних коштів за результатами досудового розслідування у кримінальному провадженні № 52016000000000411.

На виконання свого злочинного умислу Бабенко О.А., з метою приховування своєї протиправної діяльності та не бажанням бути викритим при безпосередньому спілкуванні із службовими особами Національного антикорупційного бюро України з приводу неправомірного зняття арешту з майна, звернувся за допомогою до свого двоюрідного брата Дубового П.П., ... 1983 р.н., який познайомив його із Шевченком Є.С., у якого дружні стосунки зі службовими особами Національного антикорупційного бюро України, у тому числі з керівником Головного підрозділу детективів Національного антикорупційного бюро України Калужинським А.В., підпорядкованими детективами якого проводиться досудове розслідування у кримінальному провадженні № 52016000000000411.

У подальшому приблизно о 14 годині 30 хвилин, 17.11.2017, на території ресторану «Coin», за адресою: м. Київ, вул. Болсуновська 13/15, Бабенко О.А. в ході спільної розмови між ним, Дубовим П.П. та Шевченком Є.С. запропонував Шевченку Є.С. за його посередництва вирішити питання із службовими особами Національного антикорупційного бюро України про зняття арешту з грошових коштів, які знаходяться на рахунку ТОВ «Девелопмент Еліт» (ЄДРПОУ 40775687) № ...9313, відкритому в Публічному акціонерному товаристві Акціонерний банк «Південний» (МФО 328209) та закриття кримінального провадження № 52016000000000411. За вирішення вказаних питань Бабенко О.А. разом із Дубовим П.П. запропонували Шевченку Є.С. надати службовим особам Національного антикорупційного бюро України неправомірну вигоду у сумі 500 000 доларів США.

Зокрема, Бабенко О.А. та Дубовий П.П. пояснили Шевченку Є.С., що спочатку нададуть йому для передачі службовим особам Національного антикорупційного бюро України першу частину неправомірної вигоди у сумі 100 000 доларів США безпосередньо перед засіданням суду, де буде вирішуватись питання про зняття арешту з майна, а саме з грошових коштів, які належать ТОВ «Девелопмент Еліт» у сумі 185 млн. грн. Після того, як судом фактично буде знято арешт із коштів товариства, вони нададуть йому другу частину неправомірної вигоди у сумі 200 000 доларів США для передачі службовим особам Національного антикорупційного бюро України, і вже після закриття кримінального провадження № 52016000000000411 вони нададуть йому для передачі службовим особам Національного антикорупційного бюро України третю частину неправомірної вигоди у сумі 200 000 доларів США.

Пізніше, 20.11.2017 у період часу з 17 години 39 хвилин по 18 годину 38 хвилин та 21.11.2017 у період часу з 16 години 52 хвилин по 17 годину 54 хвилини Дубовий П.П. на виконання вказівок Бабенка О.А., знаходячись на АЗС «Shell» за адресою: м. Київ, Столичне шосе, 20, де в ході розмов із Шевченком Є.С., підтвердив їхні наміри з Бабенком О.А. надати неправомірну вигоду службовим особам Національного антикорупційного бюро України у сумі 500 000 доларів за раніше обумовленою схемою за зняття арешту грошових коштів, які перебувають на рахунку

[...] (ЄДРПОУ ███████ 3687) №████████9313, відкритому в Публічному акціонерному товаристві Акціонерний банк «Південний» (МФО 328209) та закриття кримінального провадження 52016000000000411.

Таким чином, Бабенко Олег Анатолійович, ███████ 1982 року народження, підозрюється у пропозиції надати службовій особі, яка займає відповідальне становище, неправомірної вигоди за вчинення та невчинення службовою особою в інтересах того, хто надає неправомірну вигоду, дій з використанням наданої їй влади, вчинених за попередньою змовою групою осіб, тобто у вчиненні кримінального правопорушення (злочину), передбаченого ч. 2 ст. 28, ч. 3 ст. 369 КК України.

Отже, Бабенко Олег Анатолійович, ███████ 1982 року народження підозрюється в тому, що він, діючи умисно, з корисливих мотивів за попередньою змовою з Дубовим П.П., о 14 годині 30 хвилин, 17.11.2017, перебуваючи на території ресторану «Соіл», який розташований за адресою: м. Київ, вул. Болсуновська, 13/15, запропонував керівнику Головного підрозділу детективів Національного антикорупційного бюро України Калужинському А.В. надати неправомірну вигоду у розмірі 500 000 доларів США, що на день вчинення злочину згідно курсу НБУ становило 13 250 000 гривень, за зняття арешту з майна та закриття кримінального провадження № 52016000000000411 від 04.11.2016 за ознаками вчинення кримінального правопорушення, передбаченого ч. 5 ст. 191 КК України КК України.

Заступник Генерального прокурора
державний радник юстиції 3 класу                                             Ю. Столярчук

Підозрюваному Бабенко О.А. роз'яснено, що відповідно до положень ст. 42 Кримінального процесуального кодексу України він має право:

1) знати, у вчиненні якого кримінального правопорушення його підозрюють;

2) бути чітко і своєчасно повідомленим про свої права, а також отримати їх роз'яснення у разі необхідності;

3) на першу вимогу мати захисника і побачення з ним до першого та перед кожним наступним допитом з дотриманням умов, що забезпечують конфіденційність спілкування, на присутність захисника під час допиту та інших процесуальних дій, на відмову від послуг захисника в будь-який момент кримінального провадження, на отримання послуг захисника за рахунок держави у випадку відсутності коштів на оплату таких послуг;

4) не говорити нічого з приводу підозри проти нього або у будь-який момент відмовитися відповідати на запитання;

5) давати пояснення, показання з приводу підозри чи в будь-який момент відмовитися їх давати;