# EXHIBIT 3

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHANDEX INDUSTRIAL INC., | : | |
| Plaintiff, | : | **ORDER** |
| v. | : | Civ. No. 09-4148 (WHW) |
| VENT RIGHT CORPORATION and MARIO KASEDA, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

M.J. Arleo, by her December 7, 2011 Report, recommends that the Court strike the January 22, 2010 Answer and Counterclaims by Defendants Vent Right Corporation ("Vent Right") and Mario Kaseda ("Kaseda"), direct that the Clerk enter default against these defendants, and allow the plaintiff to proceed to judgment by default pursuant to Fed. R. Civ. P. 16(f) for failure to comply with and respond to orders issued in this case.

## BACKGROUND

This is an action for damages as a result of Vent Right's alleged breach of contract and failure to pay for goods it ordered from Shandex Industrial Inc. ("Shandex"). Mario Kaseda is the owner and President of Vent Right. Plaintiff Shandex claims in its amended complaint that Kaseda agreed to "use [his other] companies to pay Shandex if Vent Right [became] insolvent."

1

**NOT FOR PUBLICATION**

Plaintiff filed its complaint on July 17, 2009 in the Superior Court of New Jersey, Bergen County. The Complaint listed Defendants business-addresses as P.O. Box 206, Chagrin Falls, OH 44022 and 17420 Lookout Drive, Chagrin Falls, OH 44023. On August 13, 2009 Defendants removed the case to this Court. In the Notice of Removal Defendants state that their business-address is 1338 East 289th Street, Wickliffe, OH 44092. All parties appear to have participated in this litigation until April 14, 2011, when Defendants' counsel informed the Magistrate Judge that his clients were no longer responding to his letters, emails or phone calls. On May 9, 2011 Defendants' Counsel's Motion to Withdraw was granted.

Kaseda acknowledges having received an October 7, 2011 Order to Show Cause from the Magistrate Judge regarding his failure to appear for an October 4, 2011 status conference. Apparently in response, Kaseda sent a letter dated October 19, 2011 to Magistrate Judge Arleo. In this letter he apologized "for missing the court appearance on October 4, 2011 …." He also wrote that "Vent Right Corporation was dissolved on December 31, 2010." He then failed to appear at the October 26, 2011 hearing as required by the October 7, 2011 Order.

Magistrate Judge Arleo recommended that this Court strike both corporate Defendant Vent Right and individual Defendant Kaseda's Answer and Counterclaims on December 7, 2011. Defendant Mario Kaseda objected to the December 7, 2011 Report by letter dated January 26, 2012, after the fourteen day deadline for objections had passed.

**STANDARD**

The Court reviews the Report and Recommendation under 28 U.S.C. § 636 and Local Civil Rule 72.1. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of

2

**NOT FOR PUBLICATION**

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## DISCUSSION

### A. Sanctions Against Corporate Defendant Vent Right

As discussed in Section A of the December 7, 2011 Report and Recommendation, a corporate defendant cannot represent itself. Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996). The Court finds that the December 7, 2011 Report and Recommendation documents the failure of corporate defendant Vent Right to retain counsel, despite being warned that failure to do so would result in a recommendation to strike Vent Right's Answer and enter default against it. Kaseda's January 26, 2012 Objection does not present any objection to the part of the Report and Recommendation regarding corporate defendant Vent Right.[1] The Court adopts Section A of the Report and Recommendation due to Vent Right's failure to retain counsel.

### B. Sanctions Against Individual Defendant Kaseda

The December 7, 2011 Report and Recommendation documents the failure of individual pro se Defendant Kaseda to appear or otherwise comply with the Magistrate Judge's orders. Applying the six-factor test established by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Report and Recommendation concludes that the appropriate sanction for this conduct would be to strike the December 7, 2011 Answer and Counterclaims by this defendant and direct the Clerk to enter default against him. The Court

---

[1] Kaseda seems to be under the incorrect impression that the dissolution of Vent Right ends all claims against it. Under both New Jersey and Ohio law, existing lawsuits may be maintained against dissolved corporations. N.J. Stat. Ann. § 14A:12-9 (West 2003) ("no action brought against any corporation prior to its dissolution shall abate by reason of such dissolution."); Ohio Rev. Code Ann. § 1701.88 (LexisNexis 2012) ("Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases ….").

3

**NOT FOR PUBLICATION**

conducts a de novo determination of the portion of the Report and Recommendation to which Kaseda objects.

The Court determines whether to dismiss the defendants Answer and direct the Clerk to enter default against him based on the six factors set forth in Poulis. These factors are the extent of the party's personal responsibility, prejudice to the adversary, history of dilatoriness, whether the conduct was willful or in bad faith, the effectiveness of other sanctions, and the merit of the defense. Id. Default is a "drastic sanction" and is used with caution. Id. at 867.

Though Kaseda is no longer represented by a lawyer, he remains personally responsible for following orders of the court and participating in this litigation. One of his responsibilities is to keep the court informed of his current address. D.N.J. Civ. R. 10.1(a) ("[U]nrepresented parties must advise the Court of any change in … address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court."). It is not clear from the record that the August 3, 2011 order scheduling a status conference was sent to Kaseda. The Court does not hold him personally responsible for missing that conference on September 19, 2011. But the September 21, 2011 order scheduling a conference for October 4, 2011 was sent to Kaseda at the business address he had provided in his Notice of Removal. Though this letter was returned as undeliverable, Kaseda is personally responsible for missing this court date because he did not fulfill his responsibility to inform the court that he was no longer able to receive mail at that address. He is also personally responsible for failing to appear at the October 26, 2011 Order to Show Cause hearing. Kaseda is personally responsible for missing two court dates.

The December 7, 2011 Report and Recommendation outlines the prejudice to plaintiff if plaintiff is unable to proceed in its prosecution of the case due to Kaseda's non-participation.

4

**NOT FOR PUBLICATION**

Since that time, Kaseda has filed an objection to the Report and Recommendation on January 26, 2012 and attended an in-person conference on March 2, 2012. Though the delay has imposed a burden on the plaintiff, if Kaseda continues to comply with all court orders and to participate in this litigation, the prejudice is not as pronounced as it seemed at the time of the Report and Recommendation. If his failures stem from the one mistake of not informing the court of his current address, he can correct this failure by responding to all court orders going forward.

At this point Kaseda has missed two court ordered conferences and his opposition to the December 7, 2011 Report and Recommendation was late. This history of dilatoriness weighs in favor of striking his Answer and ordering that default be entered against him.

A generous interpretation of Kaseda's actions since he began representing himself is that due to his failure to inform the court of his whereabouts, he was unaware of the orders he was flouting. It is also possible that he is unfamiliar with the language and procedures of the court and has therefore failed to meet his obligations due to failure to understand them. There is no evidence of bad faith on his part. Kaseda has now been made abundantly aware of his duty to keep the court informed of his current address. He has also been made aware of his duty to appear at all court ordered conferences. Going forward it would be appropriate to infer bad faith from future failure to keep the court apprised of his address or to respond to court orders.

At the time of the Report and Recommendation, the Magistrate Judge wrote that "Kaseda has made it clear that he will not defend against plaintiff's claims," which made default "[t]he only appropriate sanction …." Now that Kaseda is actively defending against the plaintiff's claims, this extreme sanction is not appropriate.

The Court cannot evaluate the merits of Kaseda's defense based on his Answer.

5

**NOT FOR PUBLICATION**

After considering these factors, the Court finds that striking Kaseda's Answer and entering default against him is premature. Kaseda failed to inform the court of his current address and delayed the litigation by failing to appear for at least two court ordered conferences. But now that he has been made aware of his obligations, this litigation can move forward. If Kaseda continues to fail to comply with court orders, it will be clear that sanctions are appropriate at that time.

## CONCLUSION

It is, on this 19th day of March, 2012:

ORDERED that the Answer and Counterclaims of Defendant Vent Right Corporation only are stricken; and

ORDERED that the Clerk of Court shall enter default against Defendant Vent Right Corporation only.

/s/ William H. Walls

United States Senior District Judge

6