IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br><br><br>ARKADIY DUBOVOY, ET AL.,<br><br>Defendants. | C.A. No. 15-cv-06076 (MCA)<br><br>DECLARATION OF JOHN DONNELLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NELIA DUBOVA |

I, John Donnelly, declare as follows:

1.    I am counsel for Plaintiff Securities and Exchange Commission (the "Commission") in this action.  I make this Declaration in support of the Commission's Motion for a Default Judgment against Defendant Nelia Dubova ("Dubova" or "Defendant").

2.    On August 10, 2015, the Commission filed the Complaint in this matter.  (Docket No. 1).  That same day, the Court granted the Commission's motion for a temporary restraining order against defendants, freezing assets, and granting other relief.  (Docket No. 12).  The following day, at the Commission's request, the Court issued an amended temporary restraining order against defendants, freezing assets, and granting other relief.  (Docket No. 13).  On August 23, 2015, the Commission filed an Amended Complaint in this action, naming additional defendants.  (Docket No. 28).  The following day, August 24, 2015, the Court granted the

1

Commission's motion for a preliminary injunction against defendants, freezing assets, and granting other relief. (Docket No. 31).

## Service of Process

3. Pursuant to Federal Rule of Civil Procedure 4(f), on December 26, 2018, Dubova was served with process in Ukraine, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *See* Docket No. 376 (Declaration of John Donnelly Regarding Service of Process on Defendant Nelia Dubova, at ¶ 3). Plaintiff received the executed service materials in May 2019 and, after having them translated, filed the Declaration of John Donnelly regarding Service of Process on Defendant Nelia Dubova. *Id*.

4. To date, Dubova has neither responded to the Amended Complaint nor appeared in this action, and her time to do so has passed.

5. Dubova is not an infant. On information and belief, Dubova is neither incompetent nor in military service of the United States.

6. On June 10, 2019, Plaintiff filed a request for the Clerk of Court to enter Dubova's default. (Docket No. 382). Pursuant to Federal Rule of Civil Procedure 55(a), on August 5, 2019, the Clerk of Court entered Dubova's default. (Docket entry Aug. 5, 2019, no document number).

## Disgorgement and Prejudgment Interest

7. The Declaration of Dr. Eugene Canjels, dated September 30, 2019, filed in support of Plaintiff's Motion for Default Judgment ("Canjels Declaration"), identifies the number of illegal trades perpetrated by Dubova and the gross profits she realized on those trades. *See* Canjels Decl. ¶ 10 and Tables 1-2.

8. To calculate prejudgment interest, the Commission uses a computerized Prejudgment Interest Calculator. It calculates interest on the violation amount from the date of the violation until the end date. Partial months are ignored; violations that occurred during a month are treated as having occurred at the end of the month and end dates that occur during a month are treated as having occurred at the beginning of the month. The interest rate used by the calculator is the Internal Revenue Service's interest rate on tax underpayments, which is set forth in 26 U.S.C. § 6621(a)(2).

9. Here, Plaintiff requests a conservative amount of prejudgment interest. For ease of calculation and application, in calculating the prejudgment interest, we have used the last date of Dubova's illegal trade for which the Commission is seeking disgorgement as the starting date for the prejudgment interest period. We have used an end date of August 10, 2015, the day the Complaint was filed and certain assets were frozen.

10. The date of the last illegal trade in Dubova's account for which the Commission is seeking disgorgement here is March 6, 2013. The amount of disgorgement owed by Dubova is $725,762. *See* Canjels Decl. at ¶ 10 and Tables 1-2. The amount of prejudgment interest owed by Dubova is $52,446.55. Attached hereto as Exhibit 1 is a true and correct copy of the prejudgment interest calculation.

## Decisions Granting Motions for Default Judgment

11. In Plaintiff's Memorandum of Law in Support of Its Motion for Default Judgement ("the Memorandum of Law"), Plaintiff cites this Court's Opinion and Order in the related case, *SEC v. Zadvochikov*, No. 16-cv-00845 (DNJ) (MCA), granting the Commission's motion for default judgment in that case. *See* Pl.'s Mem. of Law at 35 (citing *Zadvochikov*, Docket Nos. 50-51). For the Court's convenience, a true and correct copy of the Court's Opinion and Order are attached hereto as Exhibits 2 and 3, respectively.

12. In the Memorandum of Law, Plaintiff cites an unpublished decision in *SEC v. Hong*, No. 16-cv-09947 (S.D.N.Y.) (VEC), granting the Commission's motion for default judgment in that case. *See* Pl.'s Mem. of Law at 35 (citing *Hong*, No. 16-cv-09947, Docket No. 33 (S.D.N.Y.) (VEC)). For the Court's convenience, a true and correct copy of the *Hong* Court's Order is attached hereto as Exhibit 4. That case involved hacking the computer networks of certain law firms and stealing, through deception, material nonpublic information concerning several publicly traded companies who were engaged in mergers and acquisitions discussions. Defendants reaped illegal profits by trading on the stolen material nonpublic information. *See* Exhibit 4 at ¶ 11.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

John Donnelly

September 30, 2019