# EXHIBIT 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Securities and Exchange Commission,

*Plaintiff,*

v.

Iat Hong, Bo Zheng, and Hung Chin,

*Defendants,*

and

Sou Cheng Lai,

*Relief Defendant.*

Case No. 16-cv-9947 (VEC)

## [PROPOSED] DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

THIS MATTER is before the Court on Plaintiff Securities and Exchange Commission's ("Plaintiff" or "Commission") Order to Show Cause Why A Default Judgment Should Not Be Entered Against Defendants Iat Hong, Bo Zheng, Hung Chin, And Relief Defendant Sou Cheng Lai Pursuant To Federal Rule Of Civil Procedure 55(b). Having considered the entire record in the case — including the attorney affidavit documenting Defendants' and Relief Defendant's disgorgement and prejudgment interest thereon — the Court enters the following order imposing Default Judgment of Permanent Injunction and Other Relief on Defendants and Relief Defendant:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over Defendants and Relief Defendant.

2. This Court has subject matter over this action.

3. Venue is proper in the Southern District of New York.

4. The Commission is a proper party to bring this action seeking the relief sought in the Commission's Complaint.

5. Defendants and Relief Defendant were properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Court's December 27, 2016 Order authorizing alternative service of process. Thus, they have proper notice of this action.

6. As of the date of this Order, Defendants and Relief Defendant have failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

7. The Clerk of Court issued a Certificate of Default against Defendants and Relief Defendant on March 10, 2017.

8. By their default, Defendants are deemed to have conceded the Complaint's well-pleaded allegations of liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992). Thus, the Court finds that Defendants committed the violations alleged in the Complaint.

9. The Court further finds that it is appropriate to exercise its discretion to enter a permanent injunction against Defendants because there is a substantial likelihood that Defendants will commit future securities violations if not enjoined.

10. The Court further finds that it is appropriate in light of the facts and circumstances of this case to impose on each Defendant the maximum penalty allowable under § 21A of the Securities Exchange Act of 1934 ("Exchange Act"): three times the profits the Defendant gained by the unlawful trading.

11. The findings set forth above are based on evidence in the form of, among other things, the declaration and exhibits submitted in support of the Commission's *Ex Parte* Application For Temporary Restraining Order And Ancillary Equitable Relief And For An Order To Show Cause On A Preliminary Injunction and the attorney affidavit and supporting exhibits submitted in support of the Commission's Order To Show Cause Why A Default Judgment Should Not Be Entered Against Defendants Iat Hong, Bo Zheng, Hung Chin, and Relief Defendant Sou Cheng Lai Pursuant To Federal Rule Of Civil Procedure 55(b). Such evidence sufficiently demonstrates that Defendants directly, indirectly, or through or by means of others, hacked into the nonpublic networks of two New York-headquartered law firms and stole, through deception, confidential information concerning several publicly traded companies that were engaged in mergers and acquisitions discussions. Defendants then reaped illegal profits by trading on the stolen material nonpublic information. By perpetrating this fraudulent scheme, Defendants, directly or indirectly, violated § 10(b) and § 20(b) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78t(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Defendants Hong and Chin, directly or indirectly, violated § 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3].

**IT IS THEREFORE ORDERED:**

**A. PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED** that Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are permanently restrained and enjoined from violating § 10(b) and § 20(b) of the Exchange Act [15 U.S.C. §78j(b) and §78t(b)] and Rule 10b-

5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

**IT IS HEREBY FURTHER ORDERED** that Defendants Hong and Chin, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are restrained from violating § 14(e) of the Exchange Act [15 U.S.C. §78n(e)] and Rule 14e-3 thereunder [17 C.F.R. §240.14e-3] by transacting in securities on the basis of material nonpublic information in the context of tender offers. Specifically,

(a) If any person has taken a substantial step or steps to commence, or has commenced, a tender offer (the "offering person"), it shall constitute a fraudulent, deceptive, or manipulative act or practice for Defendants Hong and Chin and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, who is in possession of material information relating

to such tender offer which information he knows or has reason to know is nonpublic and which he knows or has reason to know has been acquired directly or indirectly from:

(1) The offering person,

(2) The issuer of the securities sought or to be sought by such tender offer, or

(3) Any officer, director, partner or employee or any other person acting on behalf of the offering person or such issuer,

to purchase or sell or cause to be purchased or sold any such securities or any securities convertible into or exchangeable for any such securities or any option or right to obtain or to dispose of any of the foregoing securities, unless within a reasonable time prior to any purchase or sale such information and its source are publicly disclosed by press release or otherwise.

## B. DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that each Defendant and Relief Defendant is liable for disgorgement of their ill-gotten gains resulting from the conduct alleged in the Complaint and supported by the additional evidence the Commission proffered in support of its Order to Show Cause. Each Defendant also is liable for prejudgment interest on the disgorgement. Defendant Hong shall pay $462,471.70 in disgorgement, plus $34,063.78 in prejudgment interest; Defendant Zheng shall pay $480,869.62 in disgorgement, plus $29,630.42 in prejudgment interest; Defendant Chin shall pay $1,009,038.74 in disgorgement, plus $60,512.82 in prejudgment interest; and Relief Defendant Lai shall pay $901,435.67 in disgorgement, plus $60,398.19 in prejudgment interest. Defendants and Relief Defendant shall satisfy their disgorgement obligations by making payment to the Commission within thirty (30) days after entry of this Judgment.

Defendants and Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov at https://pay.gov/public/form/start/39621196. Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Blvd
    HQ Bldg, Room 181, AMZ-341
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the Defendant or Relief Defendant who is making the payment; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendants and Relief Defendant shall simultaneously transmit photocopies of any such payment and letter to the Commission's counsel in this action. By making payment, Defendants and Relief Defendant will relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendants and Relief Defendant.

    The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty (30) days following entry of this Judgment. In response to any such civil contempt motion by the Commission, Defendant or Relief Defendant may assert any legally permissible defense. Post-judgment interest on any delinquent amounts shall be paid pursuant to 28 U.S.C. § 1961.

The Commission shall remit the funds paid pursuant to this section to the United States Treasury.

### C. ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the asset freeze in effect pursuant to the Court's December 27, 2016 Order Granting *Ex Parte* Application For Temporary Restraining Order And Ancillary Equitable Relief And Order To Show Cause On A Preliminary Injunction and the Court's January 9, 2017 Order Converting The Securities And Exchange Commission's Temporary Restraining Order To A Preliminary Injunction And Extending The Ancillary Equitable Relief shall remain in effect and incorporated into this Judgment against Defendants and Relief Defendant until further motion of the Commission directing turnover of the frozen assets to satisfy disgorgement.

### D. REPTRATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that the repatriation order in effect pursuant to the Court's December 27, 2016 Order Granting *Ex Parte* Application For Temporary Restraining Order And Ancillary Equitable Relief And Order To Show Cause On A Preliminary Injunction and the Court's January 9, 2017 Order Converting The Securities And Exchange Commission's Temporary Restraining Order To A Preliminary Injunction And Extending The Ancillary Equitable Relief shall remain in effect and incorporated into this Judgment against Defendants and Relief Defendant.

### E. CIVIL MONETARY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that each Defendant shall pay, pursuant to § 21A of the Exchange Act, a civil monetary penalty equal to three times the profits gained on the unlawful trading. Defendant Hong shall pay a civil monetary penalty in the

amount of $1,387,415.10; Defendant Zheng shall pay a civil monetary penalty in the amount of $1,442,608.86; and Defendant Chin shall pay a civil monetary penalty in the amount of $3,027,116.22. Defendants shall pay these civil monetary penalties within thirty (30) days after entry of this Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov at https://pay.gov/public/form/start/39621196. Pay also may be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Blvd
HQ Bldg, Room 181, AMZ-341
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the Defendant who is making the payment; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Each Defendant shall pay postjudgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## F. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter, Defendants, and Relief Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## G. RULE 54(B) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in New York, New York this 5 day of May, 2017.

_____
HONORABLE VALERIE E. CAPRONI